UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAMBEZIA FILM (PTY.) LTD,

        Plaintiff,

v.

        CASE NO.: 8:13-CV-872-T-30-TGW

DOE 8,

        Defendant.
_____/

## ORDER ON PLAINTIFF, ZAMBEZIA FILM (PTY.) LTD'S, MOTION FOR LEAVE TO SERVE NON-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

THIS CAUSE came before the Court on Plaintiff's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

FIND, ORDER AND ADJUDGE:

1. Plaintiff established that "good cause" exists for it to serve non-party subpoenas on the Internet Service Provider listed on Exhibit A to the Motion (the "ISPs"). *See Patrick Collins, Inc. v. John Does 1-43*, 2012 WL 4513063 (M.D. Fla. Oct. 1, 2012); and *World Digital Rights, Inc. v. John Does 1-80*, 2012 WL 1623871 (M.D. Fla. May 9, 2012).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, email address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an

IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena, or any informal inquiry, as a provider of Internet services to Doe 8.

4. Any ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S. C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding

the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6.  Should Doe 8 file any motion objecting to the disclosure of his or her identifying information, the ISP shall withhold the moving Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure. The ISP shall retain Doe 8's identifying information, and any records relating thereto, until such time as this case is resolved.

7.  Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint

DONE AND ORDERED this ___ day of __April__, 2013.

_____
UNITED STATES DISTRICT JUDGE